UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM K. SHOEMAKER ) | |
| ) | |
| v. ) | NO. 2:07-CV-124 |
| ) | |
| GREENE COUNTY "JAIL" DETENTION ) | |
| CENTER; SHERRY SAURSE, Nurse, ) | |
| and SUSAN CRISTY, Nurse ) | |

## **MEMORANDUM and ORDER**

Proceeding *pro se*, William K. Shoemaker, a state inmate confined in the Greene County Detention Center (GCDC), brings this civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983, against the GCDC and two of its nurses. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

The custodian of plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the GCDC and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

The complaint must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

---

[1] Payments should be mailed to:    Clerk's Office, USDC
    220 West Depot Street, Ste. 200
    Greeneville, TN 37743.

At the outset, the first defendant named by plaintiff is a non-suable entity. The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at **1 (6th Cir. May 1, 1997) (jail is not a suable entity). Thus, defendant Detention Center is **DISMISSED** for plaintiff's failure to state a viable § 1983 claim against it.

In his complaint, plaintiff asserts that he has dental problems, including wisdom teeth and molars which are "busted" and infected, that he signed up to see a dentist some eight months ago, but has yet to be taken to see one, and that when he presented a grievance concerning this matter, the response he received " was 1- your on the list 2- was it's not are (sic) responsibility to take care of you, if you want it doing you must pre-pay $75.00 Were not Doing it for you. From Susan Cristy." Plaintiff maintains that, as a result of the lack of dental care, his teeth hurt all the time, he gets bad pains in his eyes, and it is difficult to eat on them. He requests that he be transferred to a facility in Washington County, where he can receive dental care, and that he be awarded $1,000 per day in damages for 8 months' worth of pain and suffering he has endured.

The Eighth Amendment proscribes punishments that involve the unnecessary and wanton infliction of pain. Deliberate indifference to an inmate's serious medical

3

needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inmate's dental problems, under some circumstances, can constitute a serious medical need. *Harrison v. Barkley*, 219 F.3d 132, 137 (2nd Cir. 2000). And, allegations that prison officials know of that dental condition, but delay or deny treatment altogether may state a claim for deliberate indifference. *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1994) (prisoner's allegations that a jailer knew of his pain from an infected tooth but denied him dental care for three weeks could support a finding of an 8th Amendment violation). *See also Beauchamp v. Love*, 1986 WL 16393, *1 (6th Cir. Jan. 9, 1986) (citing to *Fields*).

Because plaintiff's allegations arguably state an Eighth Amendment claim for deliberate indifference to serious medical needs, the Clerk is **DIRECTED** to send him two service packets. (Each contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses

will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendant nurses are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure. Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE